## FLETCHER et al. v. PORTER.

Circuit Court of Appeals, First Circuit.
June 16, 1927.

No. 2104.

Banks and banking ⟾249(1)—Individual liability of stockholder in national bank continues for 60 days after transfer of stock (Federal Reserve Act, § 23 [Comp. St. § 9689]).

Under the provision of Federal Reserve Act, § 23 (Comp. St. § 9689), that stockholders who shall have transferred their shares or registered the transfer within 60 days next before the date of failure of a national bank shall be liable to the same extent as if they had made no such transfer, the double liability of a stockholder continues for 60 days after transfer of his stock, though the bank was solvent when the transfer was made, and may be enforced if failure occurs within the 60 days.

In Error to the District Court of the United States for the District of Massachusetts; Elisha H. Brewster, Judge.

Separate actions at law by James E. Farrell, receiver (J. M. Porter, receiver, successor), against Edward F. Fletcher and against three other defendants. Judgment for plaintiff, and defendants bring error. Affirmed.

For opinion below, see 14 F.(2d) 204.

Robert G. Dodge, of Boston, Mass. (H. K. Rising, of Boston, Mass., on the brief), for plaintiffs in error.

George S. Fuller, of Boston, Mass. (Charles L. Favinger, of Boston, Mass., on the brief), for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is one of four actions brought originally by James E. Farrell as receiver of the First National Bank of Warren, Mass., to enforce double liability imposed upon stockholders in national banking associations by section 23 of the federal Act of December 23, 1913, 38 Stat. 273 (Compiled Stat. 1916, § 9689). Owing to the resignation of the original plaintiff, J. M. Porter was substituted as re-

ceiver. As the same question is raised in them all, only one case has been argued, but the decision in this case will dispose of all. The question involved calls for a construction of section 23 of the Federal Reserve Act, which is as follows:

"The stockholders of every national banking association shall be held individually responsible for all contracts, debts, and engagements of such association, each to the amount of his stock therein, at the par value thereof in addition to the amount invested in such stock. The stockholders in any national banking association who shall have transferred their shares or registered the transfer thereof within sixty days next before the date of the failure of such association to meet its obligations, or with knowledge of such impending failure, shall be liable to the same extent as if they had made no such transfer, to the extent that the subsequent transferee fails to meet such liability; but this provision shall not be construed to affect in any way any recourse which such shareholders might otherwise have against those in whose names such shares are registered at the time of such failure."

The First National Bank of Warren was organized in 1919, and each of the defendants became a stockholder in the bank at the time of its organization, and continued as such until January 23, 1923, when they sold part or the whole of their stock holdings for $140 a share, and this transfer was immediately recorded upon the books of the bank and registered in the name of the transferee. The bank was solvent at the time of these transfers, and remained solvent until some time after February 5, 1923. None of the defendants, after the above transfers, had any further connection with the bank as directors or officers, and took no part in the conduct of its business. On or about February 6, 1923, one of the parties to whom a large part of the stock had been transferred by the defendants misappropriated certain securities held by the bank and these were never recovered. As a result of this misappropriation the bank failed to meet its obligations and was closed on February 21, 1923, and a receiver appointed February 23, 1923. These actions at law were brought by the receiver, under the direction of the Comptroller of the Currency, after notice of an assessment was mailed to all stockholders of record, and also to the defendants, in which notice attention was called to the provisions of section 23 of the Federal Reserve Act. Suits have been brought against the parties to whom the defendants transferred their stock, upon which judgments have been re-

covered and executions issued, which have never been satisfied, and the receiver is unable to find any property owned by them or in their possession that can be reached to satisfy these executions.

The construction placed by the defendants upon section 23 is that it does not apply to a stockholder who in good faith and for valuable consideration transferred his stock in a banking association which was solvent at the time of the transfer and whose failure was not then impending, even though the transfer was made within 60 days from the date of the failure of the bank, and the refusal of the court to give instructions which in substance sustained this contention is assigned as error.

The language of section 23 of the act is unambiguous and fixes the liability of an assessment not only upon stockholders of record but upon those who have transferred their stock "within sixty days next before the date of the failure of such association to meet its obligations." We do not think the next clause, "or with knowledge of such impending failure," applies to stockholders who transfer their stock within 60 days, but that it applies to stockholders who have transferred their stock at any time with knowledge of an impending failure. While it is true that under the National Banking Law, which the Federal Reserve Act superseded, a shareholder of a national banking association who sold and transferred his shares in good faith without knowledge that it was insolvent or its failure was impending would escape liability providing the transferee was insolvent and unable to respond to double liability and the transferrer did not know or have reason to know that such was the transferee's financial condition, the Federal Reserve Act was passed in response to a widespread and long-continued demand that the old National Banking Act be revised.

The legislative history of the act shows clearly that it was the intent of Congress to fix arbitrarily a time before the failure of a national banking association in which no transfer of its stock could be made which would relieve the transferrer from double liability and while we think the language of the act is plain and unmistakable, and therefore does not present a case in which resort may be had to reports of committees or debates in Congress to explain a doubtful provision, the intent of Congress is shown by the majority report of the House committee on banking and currency which, after referring to the practices which had sprung up of transferring stock to evade double liability, said: "It is believed that by making

stockholders who have transferred their shares sixty days before a bank failure equally as liable as if they had not made such transfer, the needs of the situation will be met. Some alleged that the requirements should be that stockholders be liable whenever and so long as it could be proven that they had knowledge of the impending bank failure, but that they should not be liable if in good faith they transferred their shares within sixty days before a failure. This sounds plausible but is in variance with the facts of experience. The process of proving that a stockholder had knowledge is difficult and expensive, if not impossible in many cases, and it is believed that the sixty day provision is entirely equitable and far more workable." In the Senate the bill was amended by inserting, after the word "obligations" where it appears, the following, "or with knowledge of such impending failure," so that, as amended, the section, so far as now material, reads as follows:

"The stockholders in any national banking association who shall have transferred their shares, or registered the transfer thereof, within sixty days next before the failure of such association to meet its obligations, or with knowledge of such impending failure, shall be liable to the same extent as if they had made no such transfer, to the extent that the subsequent transferee fails to meet such liability."

The majority report of the Senate committee contained the following language:

"Several changes of importance in the National Banking Act have been made to which attention should be called: * * *

"5. The stockholders' liabilities of national banks and of member banks is modified to establish the double liability and to prevent its evasion."

The majority report of the House committee showed clearly that in the contemplation of its authors it was designed to fix a practical and workable law, which would not permit a stockholder to evade liability, by compelling the plaintiff in a suit instituted to recover an assessment upon him to prove that he had knowledge of the impending failure of the bank. It is also evident that, when the amendment was made in the Senate, it was thought necessary, so that one who made a transfer of stock more than 60 days before the date of the failure of the bank, but with knowledge of its insolvency or impending failure, should not escape liability.

The judgment of the District Court is affirmed in each case, with costs in this court to the defendant in error.